# Carver v. Tanner et al.

March 3, 1950.

John B. Rodes, Judge.

L. S. Rogers for appellant.
Noel F. Harper for appellee.

CLAY, COMMISSIONER—Affirming.

This suit was brought to enjoin appellees and to recover damages for an alleged trespass on appellant's land. The Chancellor awarded appellant nominal damages, and refused to grant the injunction.

Appellant's land, and that surrounding it, has for a great many years been exploited for oil production. There are four oil leases on his and the adjoining property, all of which are owned by appellees. In the operations on three of the leases, there has been utilized for the purpose of discharging waste, principally salt water, an old road bed and ravine which runs through appellant's land. No complaint is made of this user.

In 1946 appellees moved two separation tanks on one of their leases nearer appellant's line in order to use a central power plant. Since that date, they have discharged waste which eventually, after traversing other property, reaches the stream flowing through his property.

The testimony regarding the amount of water or other waste discharged by appellees from these tanks is conflicting. It is not very substantial because of the limited operations. It amounts at most to an increase in the flow of water on appellant's land. The Chancellor found that it did not cause any material damage.

Appellant's position seems to be that regardless of the amount of damage, since the increased flow constituted a trespass, he was entitled to a permanent injunction. Proof shows that the granting of such relief would cause appellees a substantial hardship and would seriously interfere with their joint operations on all the oil leases. We think this situation calls for the application of the principle followed in Kentucky Electric Development Co.'s Receiver et al. v. Wells, 256 Ky. 203, 75 S. W. 2d 1088. In that case the defendant had increased the height of its dam several inches, thereby raising the level of water on plaintiff's land. It was held that compelling the defendant to remove a seven inch addition to its concrete dam would impose upon it an undue hardship out of all proportion to the alleged injury caused the plaintiff, and the judgment was reversed insofar as it allowed injunctive relief.

Under the circumstances shown by this record, we believe that if appellees' operations in the future cause appellant any substantial damage, he may recover at law for the permanent injury; and the Chancellor, in refusing to grant the injunction, did not abuse his judicial discretion.

For the reasons stated, the judgment is affirmed.